1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD S. MILLER,                        No.  2:23-cv-00666-EFB (PC)

12              Plaintiff,

13        v.                                  ORDER

14   EL DORADO COUNTY JAIL,

15              Defendant.

16

17        Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing an initial complaint, plaintiff filed an unsigned document,

19   titled "2nd Amended Complaint," and a motion to file a third amended complaint.  ECF Nos. 1,

20   17, 21.  He also filed an application for leave to proceed in forma pauperis (ECF Nos. 2 & 11),

21   numerous requests for the appointment of counsel (ECF Nos. 10, 12, 13, 14, 19, 20, 22) and

22   requests for an extension of time for an unspecified purpose (ECF Nos. 13 & 19).

23                          Application to Proceed in Forma Pauperis

24        The court has reviewed plaintiff's application and finds that it makes the showing required

25   by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency

26   having custody of plaintiff to collect and forward the appropriate monthly payments for the filing

27   fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

28   /////

1

1

Screening Standards

2    Federal courts must engage in a preliminary screening of cases in which prisoners seek

3 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6 relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7 relief."  *Id.* § 1915A(b).

8    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10 plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15 U.S. 662, 679 (2009).

16    To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20 678.

21    Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23 content that allows the court to draw the reasonable inference that the defendant is liable for the

24 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28 /////

2

1       Screening Order

2            Typically, an amended complaint will supersede an earlier filed complaint.  Here,

3    however, the court cannot conduct the required screening of plaintiff's amended complaint

4    because plaintiff has not signed it.  *See* ECF No. 17.  Rule 11 of the Federal Rules of Civil

5    Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at

6    least one attorney of record in the attorney's name—or by a party personally if the party is

7    unrepresented."  Fed. R. Civ. P. 11(a).  Because plaintiff did not sign the amended complaint, it

8    must be disregarded.  Accordingly, the court will screen the original complaint.

9            The original complaint (ECF No. 1) names El Dorado County Jail Medical/Physician as

10   defendant.  It alleges that the medical staff at the El Dorado County Jail are allowing plaintiff's

11   cancer to grow by not allowing him lifesaving treatment.  ECF No. 1 at 3.  As relief, plaintiff

12   seeks $250,000, for what he describes as "medical malpractice."  These allegations are not

13   sufficient to survive screening.

14           Although the plaintiff styles his claim as "medical malpractice," ECF 1, at 3, and repeats

15   that characterization in his request for relief, *id.* at 4, the complaint does not include allegations as

16   to compliance with the California tort claim procedure for presenting a state law tort claim.

17   Moreover, the complaint at paragraph one predicates jurisdiction on 28 U.S.C. § 1343(a) (federal

18   question) and 42 U.S.C. § 1983 (federal civil rights).  Thus, the court construes the complaint as

19   an attempt to assert a § 1983 claim for alleged Eighth Amendment violations based on deliberate

20   indifference to serious medical needs.

21           To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

22   constitutional or statutory right; and (2) that the violation was committed by a person acting under

23   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

24   930, 934 (9th Cir. 2002).  Inadequate treatment due to medical malpractice, negligence, or even

25   gross negligence, does not rise to the level of a constitutional violation.  *See Wilson v. Seiter*, 501

26   U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting *Estelle v. Gamble*, 429 U.S.

27   97, 105-06 (1976)); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  Thus, to assert a

28   /////

1  claim for a violation of his constitutional rights under the Eighth Amendment plaintiff must allege

2  facts showing that the defendant acted with deliberate indifference.

3        Deliberate indifference to serious medical needs consists of two requirements, one

4  objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v.*

5  *Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th

6  Cir. 1995)).  The plaintiff must first establish a "serious medical need" by showing that "failure to

7  treat a prisoner's condition could result in further significant injury or the 'unnecessary and

8  wanton infliction of pain.'"  *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050,

9  1059 (9th Cir. 1991)).  "Second, the plaintiff must show the defendant's response to the need was

10  deliberately indifferent."  *Id.* (citing *McGuckin*, 974 F.2d at 1060).  The subjective element is

11  satisfied where prison officials "deny, delay or intentionally interfere with medical treatment."

12  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  "[T]he official must be both

13  aware of facts from which the inference could be drawn that a substantial risk of serious harm

14  exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The

15  sparse allegations in plaintiff's complaint fails to meet these standards and the complaint must be

16  dismissed with leave to amend.

17        Further, identifying the defendant only as "medical" or "physician" is tantamount to the

18  use of "Doe" defendants.  Unknown "Doe" defendants cannot be served with process until they

19  are identified by their real names and the court will not investigate the names and identities of

20  unnamed defendants. If plaintiff wishes to pursue a claim against El Dorado County, as opposed

21  to an individual defendant, he must demonstrate that he suffered an injury caused by employees

22  acting pursuant to the County's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*,

23  429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691

24  (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).

25  /////

26  /////

27  /////

28  /////

4

1         For these reasons, plaintiff's complaint is dismissed with leave to amend.[1]

2 Leave to Amend

3         If plaintiff chooses to file an amended complaint it should observe the following:

4         Any amended complaint must identify as a defendant only persons who personally

5 participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

6 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

7 constitutional right if he does an act, participates in another's act or omits to perform an act he is

8 legally required to do that causes the alleged deprivation).   The complaint should also describe,

9 in sufficient detail, how each defendant personally violated or participated in the violation of his

10 rights.  The court will not infer the existence of allegations that have not been explicitly set forth

11 in the amended complaint.  Further, and amended complaint must include factual allegations

12 showing that the defendants knew plaintiff had a serious medical and that they acted with

13 deliberate indifference to that need.

14         The amended complaint must contain a caption including the names of all defendants.

15 Fed. R. Civ. P. 10(a).

16         Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See

17 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

18         Any amended complaint must be written or typed so that it so that it is complete in itself

19 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

20 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

21 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

22 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

23 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

24 1967)).

25 /////

26 ─────────────────

27     [1] Plaintiff's request for an extension of time for an unspecified purpose (ECF No. 13) is denied, as the court will afford plaintiff time to file an amended complaint and there are no other deadlines to extend.  Further, plaintiff's motion for leave to file an amended complaint (ECF No. 21) is denied as moot.

28

5

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Requests for Appointment of Counsel</u>

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF Nos. 2 & 11) is GRANTED;

2.  Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the El Dorado County Sheriff filed concurrently herewith;

3.  Plaintiff's requests for the appointment of counsel (ECF Nos. 10, 12, 13, 14, 19, 20, 22) are DENIED without prejudice;

4.  Plaintiff's requests for an extension of time (ECF Nos. 13 & 19) are DENIED as unnecessary;

5.  The Clerk of the Court shall note on the docket that the amended complaint (ECF No. 17) is DISREGARDED;

6.  Plaintiff's motion to amend (ECF No. 21) is DENIED as moot;

/////

/////

7.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

8.  Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED:   August 7, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE